ORIGINAL

Jerry J. Jarzombek
855 Texas Street, Suite 140
Fort Worth, Texas 76102
Voice: 817-348-8325
Fax: 817-348-3828



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELAINE D. RUECK, | § § § | Civil Action No. |
| Plaintiff, | § § | **4-13CV879-0** |
| vs. | § § § | **COMPLAINT** and **DEMAND FOR JURY TRIAL** |
| ANH H. REGENT d/b/a REGENT & ASSOCIATES, | § § § § | |
| Defendants. | § § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.   Plaintiff, Elaine D. Rueck ("Rueck"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.


2. Defendant, Anh H. Regent d/b/a Regent & Associates ("Regent") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Calvary SPV I, LLC ("Cavalry"). Cavalry claims to have acquired the Debt from Bank of America ("BOA"). The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from a credit card, which was used by the Plaintiff for non-business purposes, including daily living expenses.

## Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA and DTPA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

## Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. Regent is an individual engaged in the business of collecting consumer debts in the Northern District of Texas. Regent uses the assumed name, Regent & Associates. The principal purpose of Regent's business is the collection of consumer debts using the mails and telephone, and he regularly attempts to collect consumer debts for others. Regent is a "debt collector" as defined by

15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Regent is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

### Factual Allegations

7. During September and/or October of 2013, an employee or representative of Regent who identified herself as "Tammy Coleman" telephoned Plaintiff regarding the debt that Regent was collecting on behalf of Cavalry. "Tammy" provided Plaintiff with the telephone number of 888-467-7944, extension 108. However, the number which appeared on Plaintiff's cellular telephone was 713-333-7165.

8. "Tammy" told Plaintiff that a lawsuit would be filed against her in Tarrant County, Texas. In an effort, perhaps, to encourage Plaintiff to voluntarily send money to Regent, or to scare Plaintiff, "Tammy" made some representations about the results of the lawsuit, which included:

    a. that bank accounts belonging to Plaintiff would be seized;

    b. that "they" would take Plaintiff's car;

    c. that "they" would come into Plaintiff's home and take whatever they could;

    d. that "they" would take Plaintiff's jewelry.

9. As to Plaintiff's bank accounts, most of the money belonging to this seventy-three year old lady comes from the Social Security Administration, and is therefore exempt from seizure by creditors.

10. As to Plaintiff's vehicle, it is not subject to seizure to satisfy the Debt claimed by Cavalry. Specifically, the Texas Property Code provides that "the following personal property is exempt under Section 42.001(a): ... a two-wheeled, three-wheeled, or four-wheeled motor vehicle

for each member of a family or single adult who holds a driver's license or who does not hold a driver's license but who relies on another person to operate the vehicle for the benefit of the nonlicensed person." TEX. PROP. CODE § 42.002(a)(9).

11. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

12. The foregoing acts and omissions of the Defendant were undertaken by Defendant willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

13. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

14. The foregoing acts and omissions of the Defendant were material, in that Defendant intended that the Plaintiff rely on these false representations, and based on that reliance, allow herself to be coerced into sending money to Regent.

**First Claim for Relief**

15. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

    a. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt. The false representations were material, as Defendant intended to cause Plaintiff to pay money as a result of Plaintiff's reliance on these representations.

  b.  In violation of 15 U.S.C. 1692e(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action which cannot legally be taken or that is not intended to be taken. The false representations were material, as Defendant intended to cause Plaintiff to pay money as a result of Plaintiff's reliance on these representations.

  c.  In violation of 15 U.S.C. § 1692g, at no time (specifically including the five days after the Defendant's initial communication with the Plaintiff in connection with the collection of a consumer debt) did the Defendant send the following information:

    i.  The amount of the debt.

    ii.  The name of the creditor to whom the debt is owed.

    iii.  A statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant.

    iv.  A statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant.

    v.  A statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

16.  Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render him liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

### Second Claim for Relief

17.  The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

  a.  In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant threatened to take (and/or did take) an action prohibited by law.

    b.      In violation of Tex. Fin. Code § 392.302(1), the Defendant used language intended to abuse unreasonably the reader or hearer thereof.

    c.      In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

    d.      In violation of Tex. Fin. Code § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

18.     Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render him liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

19.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

20.     Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and are actionable under that subchapter.

21.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render him liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4. Grant such further relief as deemed just.

Respectfully submitted,

_____
Jerry J. Jarzombek
Texas Bar No. 10589050
855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 facsimile

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

_____
Jerry J. Jarzombek
Texas Bar No. 10589050
855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 facsimile

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as pov by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initia the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Elaine D. Rueck

## DEFENDANTS
Anh H. Regent d/b/a Regent & Associates

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION O THE TRACT OF LAND INVOLVED.

RECEIVED OCT 29 2013 3:07 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jerry J. Jarzombek; The Law Office of Jerry Jarzombek, PLLC
855 Texas Street, Suite 140; Fort Worth, TX 76102; 817-348-8325

Attorneys *(If Known)*

4-13CV879-0

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedur Act/Review or Appeal o Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692 et seq
Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 10,000.00 | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: *(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/29/2013
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # FN020615 AMOUNT 400.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____